■ B & J INVESTORS CORP., Respondent, v TOWN BOARD OF THE TOWN OF CLINTON et al., Appellants.—In an action (1) to declare the Zoning Regulation of the Town of Clinton (Local Laws, 1969, No. 2 of Town of Clinton) null and void, (2) to enjoin the defendants from enforcing said regulation and (3) to recover for damages sustained by reason of the improper enactment of such regulation, defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Dutchess County, entered July 16, 1974, as directed that an inquest be held to determine the amount of damages. Judgment reversed insofar as appealed from, on the law, with $50 costs and disbursements, and the third cause of action is dismissed. In enacting the zoning regulation, the Town Board of Clinton was acting in a legislative capacity. As such, it has immunity which rests upon "a regard for sound principles of government administration and a respect for the expert judgment of agencies authorized by law to exercise such judgment" (see *Weiss v Fote,* 7 NY2d 579, 588). Moreover, as members of a municipal legislative body, the town board members are not liable for damages consequent upon the passage of an ordinance in good faith, which that body has authority to pass (see 4 McQuillin, Municipal Corporations [3d ed], § 12.222). Their motives were not put at issue in this case. The Supreme Court invalidated the regulation on the ground that the notice requirements of section 264 of the Town Law were not complied with; there was no question but that the board was authorized to pass such regulation. Accordingly, plaintiff cannot recover damages, and the direction for an inquest was erroneous. Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.