■ In the Matter of the CITY OF ROCHESTER, Appellant, v ROCHESTER POLICE LOCUST CLUB, INC., Respondent. — Order unanimously affirmed with costs. Memorandum: Petitioner appeals from Special Term's order denying its motion to stay arbitration and granting respondent's motion to compel arbitration.

Petitioner and respondent are parties to a collective bargaining agreement which provides for eventual resolution of grievances by binding arbitration and defines a grievance as "a dispute * * * involving the interpretation or application of any provisions of this agreement".

The grievance filed on behalf of members of respondent union claims violations of specific contractual provisions concerning the rate of pay of off-duty police officers who provide security for events held in Rochester's War Memorial Auditorium. Under the parties' unambiguous agreement to arbitrate, the grievance is clearly arbitrable. The question of the scope of the substantive provisions of the contract is a matter for resolution by the arbitrator (*Board of Educ. v Barni*, 49 NY2d 311). (Appeal from order of Supreme Court, Monroe County, Curran, J. — arbitration.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.

■ DANIEL BURKHART, Respondent, v TOWN OF ONTARIO et al., Appellants. (And Six Other Actions.) — Order unanimously reversed, without costs, motion granted and complaint dismissed against defendant town. Memorandum: Special Term erred in denying summary judgment to the Town of Ontario. In enacting the ordinance, the town was acting in a legislative capacity. As such, it has immunity which rests upon a regard for sound principles of government (see *B & J Investors Corp. v Town Bd.*, 56 AD2d 882). "We know of no principle of law under which the state becomes liable because of the adoption of an unconstitutional statute." (*Barrett v State of New York*, 220 NY 423, 429-430.) (Appeal from order of Supreme Court, Wayne County, Rosenbloom, J. — summary judgment.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.