■ FRANCES R. KATZ et al., Respondents-Appellants, and DEANNA ADLER et al., Respondents, v VILLAGE OF SOUTHAMPTON et al., Appellants-Respondents. [664 NYS2d 457] —In an action, *inter alia*, for a judgment declaring the defendants' actions pursuant to Village of Southampton Code § 80-1 (D) (1) and (4) unconstitutional, (1) the defendants appeal from an order of the Supreme Court, Suffolk County (Oshrin, J.), entered August 29, 1996, which, *inter alia*, granted the plaintiffs' motion to vacate a stipulation to dismiss the complaint with prejudice insofar as asserted against the defendant Trustees of the Freeholders and Commonalty of the Town of Southampton, (2) the defendants Village of Southampton, William Hattrick, Jacob Buchheit, Albert Frankenbach, Douglas Morris, and Richard Spooner separately appeal, as limited by their brief, from so much of an order of the same court, entered November 28, 1995, as denied their cross motion to dismiss the complaint insofar as asserted against them for failure to join a necessary party and for summary judgment dismissing the complaint insofar as asserted against them, and (3) the plaintiffs Frances R. Katz, Leonard M. Rosen, Renee Greenfield, and Van D. Greenfield cross-appeal, as limited by their brief, from so much of the order entered November 28, 1995, as denied their motion for summary judgment.

Ordered that the order entered August 29, 1996, is reversed, on the law, the motion to vacate the stipulation is denied, and the complaint is dismissed with prejudice insofar as asserted against the defendant Trustees of the Freeholders and Commonalty of the Town of Southampton; and it is further,

Ordered that the order entered November 28, 1995, is reversed insofar as appealed from, on the law, the cross motion is granted, and the complaint is dismissed insofar as asserted against the defendants Village of Southampton, William Hattrick, Jacob Buchheit, Albert Frankenbach, Douglas Morris, and Richard Spooner; and it is further,

Ordered that the order entered November 28, 1995, is affirmed insofar as cross-appealed from; and it is further,

Ordered that the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment declaring that Village of Southampton Code § 80-1 (D) (1) and (4) was properly adopted and is constitutional, and that the defendants' actions pursuant to Village of Southampton Code § 80-1 (D) (1) and (4) were constitutional and proper; and it is further,

Ordered that the appellants-respondents are awarded one bill of costs.

It is well settled that stipulations of settlement are judicially favored and will not be set aside unless there is a cause sufficient to invalidate a contract such as fraud collusion, mistake, or accident (*see, Perrino v Bimasco, Inc.,* 234 AD2d 281; *Varveris v Fisher,* 229 AD2d 573; *Wolstencroft v Sassower,* 212 AD2d 598). Since those grounds do not exist here, there is no basis for relieving the plaintiffs from the stipulation pursuant to which the complaint against the defendant Trustees of the Freeholders and Commonalty of the Town of Southampton (hereinafter the Freehold Trusteeship) was dismissed with prejudice.

This action seeks, *inter alia,* a declaration of rights as to an easement which the Freehold Trusteeship holds for the benefit of all the inhabitants of the Town of Southampton. The Freehold Trusteeship is a necessary party which might be inequitably affected by a judgment in this action. It follows, therefore, that the first four causes of action asserted in the complaint must be dismissed because of the nonjoinder of a necessary party (*see,* CPLR 1001 [a]; 1003; *Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol,* 163 AD2d 715, *affd* 78 NY2d 935).

The fifth cause of action seeking damages against the individual defendants should have been dismissed since they cannot be held liable either personally or in their official capacities for administering the laws referred to in the complaint (*see, Burkhart v Town of Ontario,* 105 AD2d 1056; *B & J Investors Corp. v Town Bd.,* 56 AD2d 882).

The sixth cause of action in which the plaintiffs seek dam-

ages for the alleged uncompensated taking of their property should have been dismissed since the Village's regulation of motor vehicle traffic on the ocean beach in connection with the easement held by the Freehold Trusteeship is not a taking (*see, Dolphin Lane Assocs. v Town of Southampton,* 37 NY2d 292, 297).

The plaintiffs' seventh cause of action, which asks the court to direct the Village to enforce Village of Southampton Code, chapter 49, § 2.10, should have been dismissed as well. This statutory provision, requiring all vehicles operating on the ocean beachfront to operate seaward of the debris line, was adopted pursuant to the ECL article 34. It is the Department of Environmental Conservation and not the Village that is ultimately responsible for regulating coastal areas (*see generally,* ECL 34-0104; Weinberg, Practice Commentaries, McKinney's Cons Laws of NY, Book 17½, ECL 34-0101, at 110).

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the defendants (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Rosenblatt, J. P., Copertino, Goldstein and Luciano, JJ., concur.