■ In the Matter of MILDRED C., Appellant. JAY P., Respondent. [675 NYS2d 288] —In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the property of Mildred C. (Anonymous), the appeal is from an order of the Supreme Court, Richmond County (Scholnick, J.), dated July 15, 1997, which, *inter alia,* denied the appellant's cross motion, *inter alia,* to vacate a stipulation dated July 23, 1996, which created a trust.

Ordered that the order is affirmed, without costs or disbursements.

Stipulations of settlement are favored by the courts and are not lightly set aside (*see, Matter of Galasso*, 35 NY2d 319, 321; *see also, Katz v Village of Southampton*, 244 AD2d 461; *Morrison v Budget Rent A Car Sys.*, 230 AD2d 253; *Perrino v Bimasco, Inc.*, 234 AD2d 281). Only where there is cause sufficient to invalidate a contract such as fraud, collusion, mistake, or accident will a party be relieved from the consequences of a stipulation (*see, Hallock v State of New York*, 64 NY2d 224, 230). Here, the appellant failed to make a prima facie showing that any of these factors were present. Indeed, the record reflects that she willingly, voluntarily, and knowingly entered into this stipulation in open court and in the presence of her attorneys.

In addition, the stipulation of settlement was not unconscionable (*see, Gillman v Chase Manhattan Bank*, 73 NY2d 1).

The appellant's remaining contentions are without merit. Bracken, J. P., Pizzuto, Altman and Luciano, JJ., concur.