■ CHRIS BURCH et al., Appellants, v TRUSTEES OF FREEHOLDERS AND COMMONALTY OF TOWN OF SOUTHAMPTON et al., Respondents, et al., Defendants. [849 NYS2d 622]—

In an action, inter alia, for injunctive relief, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Jones, J.), entered April 25, 2007, which, upon an order of the same court dated June 22, 2006, granting those branches of the separate motions of the defendants Trustees of the Freeholders and Commonalty of the Town of Southampton and the Village of Southampton which were to dismiss the third, fifth, and sixth causes of action insofar as asserted against them, and upon an order of the same court dated November 14, 2006, which, upon reargument, vacated so much of the order dated June 22, 2006, as denied those branches of the separate motions of the defendants Trustees of the Freeholders and Commonalty of the Town of Southampton and the Village of Southampton which were for summary judgment dismissing the first, second, and fourth causes of action insofar as asserted against them and granted those branches of the separate motions, is in favor of those defendants and against the plaintiffs, dismissing the complaint insofar as asserted against those defendants.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof dismissing the first, second, and fourth causes of action insofar as asserted against the defendants Trustees of the Freeholders and Commonalty of the Town of Southampton and the Village of Southampton; as so modified, the judgment is affirmed, without costs or disbursements, upon reargument, so much of the order dated June 22, 2006, as denied those branches of the separate motions of the defendants Trustees of the Freeholders and Commonalty of the Town of Southampton and the Village of Southampton which were for summary judgment dismissing the first, second, and fourth causes of action insofar as asserted against those defendants is adhered to, those causes of action are severed from the remaining causes of action and are reinstated insofar as asserted against those defendants, and the order dated November 14, 2006 is modified accordingly.

The plaintiffs own residential properties on Meadow Lane in the Village of Southampton. Meadow Lane is situated west of Trustees Road F, which provides access to a beach to the south. The defendant Trustees of the Freeholders and Commonalty of the Town of Southampton (hereinafter the Trustees) hold an easement, which extends along the beach, for the benefit of the inhabitants of the Town of Southampton.

Pursuant to certain provisions of the Code of the Village of Southampton, the operation and parking of motor vehicles is generally prohibited on beaches within the Village, with the exception of "that portion of the ocean beach bounded on the

east by the easterly line of Road F projected southerly to the water of the Atlantic Ocean and on the west by the westerly boundary line of the Village of Southampton," where motor vehicle operation is allowed by permit (Code of Village of Southampton § 80-1 [D] [4]). The Trustees have adopted a similar regulation, which is set forth in article XII of the Rules and Regulations for the Management and Protection of the Waters of the Town, and is codified in the Code of the Town of Southampton § 111-32.

The plaintiffs, who claim that a large number of vehicles are regularly parked on the beach, and that this condition results in unreasonable noise, pollution, and substantial interference with the quiet enjoyment of their properties, commenced the instant action against the Village and the Trustees, seeking damages and injunctive relief. In their first and second causes of action, the plaintiffs allege that the Village's and the Trustees' enforcement of their respective code provisions and regulations has created a private and public nuisance. In the third cause of action, which is asserted only by certain plaintiffs, it is alleged that by issuing permits to residents to drive and park on the subject beach, the Village and the Trustees are "encouraging and permitting a use of" the subject beach that was not "contemplated by" the easement. In their fourth cause of action, the plaintiffs allege that the Trustees have breached a fiduciary duty owed to them. Finally, in their fifth and sixth causes of action, the plaintiffs allege that the Village's and the Trustees' enactment and enforcement of the subject code provisions and regulations violate the equal protection clauses of the Federal and State Constitutions.

The Village and the Trustees separately moved for summary judgment dismissing the complaint. Each primarily argued that the plaintiffs' causes of action were barred by the doctrine of res judicata, based upon a prior action commenced by a group of individuals against the Village and others. The plaintiffs in that action, some of whom are plaintiffs in the instant action, asserted various causes of action challenging the Village's enactment and enforcement of the pertinent code provisions, as well as the issuance of permits thereunder. Those causes of action were predicated on allegations that the easement was overburdened, that the easement was illegally used, that the Village violated the plaintiffs' due process rights, that the usage of the easement constituted a taking without just compensation, and that the Village failed to enforce certain other statutes, regulations and municipal code provisions. Ultimately, however, this Court dismissed the complaint, and remitted the matter to the

Supreme Court, Suffolk County, for the entry of a judgment declaring, inter alia, that the relevant provisions of the Code of the Village of Southampton had been properly adopted and were constitutional, and that the Village's actions pursuant to those code provisions were constitutional and proper (*see Katz v Village of Southampton,* 244 AD2d 461 [1997]). The Supreme Court then entered a judgment in which it made an appropriate declaration, and dismissed the remainder of the complaint with prejudice insofar as asserted against the Village, as well as insofar as asserted against the Trustees, who were originally named as defendants, and who, pursuant to stipulation, secured a discontinuance of the action insofar as asserted against them.

In an order dated June 22, 2006, in the instant action, the Supreme Court, noting that the third, fifth, and sixth causes of action were "substantially similar" to the causes of action asserted in the prior action, granted, on the ground of res judicata, those branches of the Village's and the Trustees' separate motions which were for summary judgment dismissing these causes of action insofar as asserted against them, but denied those branches of their separate motions which were for summary judgment dismissing the remaining causes of action insofar as asserted against them. The Village and the Trustees then moved for leave to reargue those branches of their separate motions which were for summary judgment dismissing the remaining causes of action.

In an order dated November 14, 2006, the Supreme Court, upon reargument, determined that all of the plaintiffs' causes of action were substantially similar to those asserted in the prior action. Thus, the court vacated so much of the prior order as denied those branches of the Village's and the Trustees' prior motions which were for summary judgment dismissing the first, second, and fourth causes of action, and granted their motions for summary judgment dismissing the complaint in its entirety. The plaintiffs appeal from the resulting judgment. We modify.

The doctrine of res judicata, or claim preclusion, provides that, as to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive in any subsequent action of the issues of fact and questions of law necessarily decided in the first action (*see Gramatan Home Invs. Corp. v Lopez,* 46 NY2d 481, 485 [1979]). Furthermore, pursuant to the doctrine, once a claim is brought to a final conclusion, all other claims arising out of the same "transaction" are barred, even if based upon different theories, or if seeking a different remedy (*O'Brien v City of Syracuse,* 54 NY2d 353, 357 [1981]).

On their motions for summary judgment, the Village and the Trustees demonstrated their entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]), by establishing, prima facie, that the instant action was barred by the doctrine of res judicata. However, in opposition, the plaintiffs raised an issue of fact as to whether the first, second, and fourth causes of action were barred by the doctrine of res judicata. Accordingly, upon reargument, the Supreme Court should have adhered to its original determination denying those branches of the Village's and the Trustees' separate motions which were for summary judgment dismissing the first, second, and fourth causes of action insofar as asserted against them.

It cannot be disputed that the first two causes of action, in which the plaintiffs allege that the Village and the Trustees have created a private and public nuisance, share some similarities to the claim in the prior action that those defendants were "overburdening the easement." Indeed, a common allegation supporting the first two causes of action and the claim in the prior action is that the use of the easement is unreasonable (*see JP Morgan Chase Bank v Whitmore,* 41 AD3d 433, 434 [2007]; *Burns Jackson Miller Summit & Spitzer v Lindner,* 88 AD2d 50, 66 [1982], *affd* 59 NY2d 314 [1983]; *see generally Krosky v Hatgipetros,* 150 AD2d 344, 345 [1989]). However, under certain circumstances, a substantial change in factual circumstances can render the doctrine of res judicata inapplicable to a subsequent action (*see e.g. Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238, 245 [1972]; *Commissioner of Community Dev. of City of Rochester v Apton,* 115 AD2d 271 [1985]). Here, the plaintiffs submitted evidence showing that there had been such a change in circumstances. Indeed, the plaintiffs provided certain affidavits which showed that in the 18 years since the commencement of the prior action, there had been a substantial increase in the intensity of the easement's usage. Accordingly, the Supreme Court, upon reargument, should not have granted summary judgment to the Village and the Trustees dismissing the first and second causes of action.

Regarding the fourth cause of action, in which the plaintiffs allege that the Trustees breached their fiduciary duty, we initially note that the Trustees improperly raised various arguments concerning this cause of action for the first time in reply papers, on reargument, and on appeal (*see Amato v Lord & Taylor, Inc.,* 10 AD3d 374, 375 [2004]; *Frisenda v X Large Enters.* 280 AD2d 514, 515 [2001]; *Cumpston v Marcinkowska,*

275 AD2d 340, 341 [2000]). In any event, since it is alleged that the breach of fiduciary duty arose precisely because the Village and the Trustees used the easement in an unreasonable manner, the analysis and conclusion applicable to the first and second causes of action are applicable to this cause of action. Thus, an issue of fact exists as to whether the fourth cause of action is barred by the doctrine of res judicata, and the Supreme Court, upon reargument, should not have granted summary judgment to the Village and the Trustees dismissing this cause of action.

The plaintiffs' remaining contentions are without merit. Skelos, J.P., Santucci, Lifson and Covello, JJ., concur.