■ MONDESTIN SAINVAL, Respondent, v CITY OF NEW YORK et al., Appellants. [869 NYS2d 155]—

The plaintiff alleged that on August 5, 1995 he sustained seri-

ous injuries when the vehicle he was operating struck a large pothole on Jefferson Avenue near Ralph Avenue in Brooklyn. After joinder of issue, the defendants Brooklyn Union Gas Company (hereinafter Brooklyn Union) and S. DiFazio & Sons Construction Company (hereinafter DiFazio) separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. In an order dated October 29, 2002 (hereinafter the 2002 order), the Supreme Court (1) marked Brooklyn Union's motion "off" the calendar because of the failure of Brooklyn Union and the plaintiff to appear on the return date of the motion, (2) granted, upon the plaintiff's default in submitting opposition, that branch of DiFazio's motion which was for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102, and (3), in effect, searched the record and directed that the "plaintiff's complaint and all cross claims are dismissed as to all remaining codefendants since plaintiff did not sustain [a] serious injury pursuant to [Insurance Law § ] 5102." Shortly after the July 2003 service upon the plaintiff of a copy of the 2002 order, with notice of entry, the plaintiff moved to vacate that order. The Supreme Court denied the motion, without prejudice, on the ground that a stay was in effect with respect to any actions against DiFazio until December 13, 2003, because of the liquidation of DiFazio's insurance carrier. Upon expiration of that stay, the plaintiff did not renew the motion to vacate. Instead, four years later, in 2007, the plaintiff, through new counsel, moved to restore the action to active status, a motion which the Supreme Court granted. We reverse.

The doctrine of res judicata provides that "as to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessarily decided therein in any subsequent action" (*Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]; *see Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]; *Burch v Trustees of Freeholders & Commonalty of Town of Southampton*, 47 AD3d 654, 657 [2008]; *Barbieri v Bridge Funding*, 5 AD3d 414, 415 [2004]). This doctrine is premised on the notion that "a limit should be prescribed to litigation, and that the same cause of action ought not to be brought twice to a final determination" (*Ryan v New York Tel. Co.*, 62 NY2d at 500 [internal quotations marks omitted]; *see O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *Matter of Sandhu v Mercy Med. Ctr.*, 35 AD3d 479 [2006]).

Here, the second decretal paragraph of the 2002 order

granted, upon the plaintiff's default, that branch of DiFazio's motion which was for summary judgment dismissing the complaint and all cross claims asserted against it on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102, and, in effect, searched the record and directed the dismissal of the complaint and all cross claims insofar as asserted against the "remaining codefendants" on the ground that the plaintiff had failed to establish a serious injury as defined by Insurance Law § 5102. The Supreme Court's order constituted a determination that the plaintiff failed to raise a triable issue of fact as to whether he sustained a serious injury. Restoring the matter would allow the plaintiff, in contravention of the doctrine of res judicata, to relitigate the issue of whether he sustained a serious injury within the meaning of Insurance Law § 5102. Accordingly, the plaintiff's motion should have been denied.

In light of our determination, we need not reach the defendants' remaining contentions. Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur.