■ JON S. SEMLEAR et al., as Trustees of the FREEHOLDERS AND COMMONALTY OF THE TOWN OF SOUTHAMPTON, Respondents, v ALBERT MARINE CONSTRUCTION, INC., Defendant, and PAUL J. NAPOLI et al., Appellants. [11 NYS3d 604]—In an action, inter alia, to permanently enjoin the defendants Paul J. Napoli, Jeffrey Levine, and Randi Levine from placing structures in the ocean beach area located on their real property in the Incorporated Village of Quogue, and affirmatively directing them to remove any such structures, those defendants appeal from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Mayer, J.), dated December 11, 2012, as, upon the granting of the plaintiffs' motion for reargument and thereupon, in effect, adhering to the determination in an order and judgment of the same court dated May 9, 2012, granting the motion of those defendants for summary judgment, declared that "the plaintiffs have the right to regulate activities to protect their easement as to that area south of the crest of the primary dune and north of the high water mark" along ocean beaches located within the boundaries of the Incorporated Village of Quogue.

Ordered that the order and judgment dated December 11, 2012, is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate amended judgment declaring that (a) the Trustees of the Freeholders and Commonalty of the Town of Southampton have no lawful governmental or regulatory power to grant or deny permits in connection with (i) the placement and grading of sand and earth, and (ii) the development, construction, maintenance, and use of structures and lands anywhere upon or within the ocean beaches located on the real property owned by the appellants in the Incorporated Village of Quogue, except for the management of the specific activities and uses reserved to the inhabitants of the Town of Southampton by Laws of 1818 (ch 155) and Laws of 1831 (ch 283) for "taking seaweed from the shores of any of the common lands of said town, or carting or transporting to or from, or landing property on said shores, in the man-

ner heretofore practiced" (L 1818, ch 155, § 4), and (b) any attempt by the Trustees of the Freeholders and Commonalty of the Town of Southampton to exercise or extend such power or authority over ocean beaches located upon the property owned by the appellants within the boundaries of the Incorporated Village of Quogue, including enforcement of any provisions of the Rules and Regulations for the Management and Products of the Waters of the Town of Southampton, except in the management of the specific activities and uses reserved to the inhabitants of the Town of Southampton under Laws of 1818 (ch 155) and Laws of 1831 (ch 283) is unlawful, unenforceable, and null and void.

For the reasons stated in our decision in a companion appeal (*see Semlear v Incorporated Vil. of Quogue* (127 AD3d 1062 [2015] [decided herewith]), the defendants Paul J. Napoli, Jeffrey Levine, and Randi Levine (hereafter collectively the appellants) were entitled to a judgment declaring, inter alia, that the Trustees of the Freeholders and Commonalty of the Town of Southampton have no lawful governmental or regulatory power to grant or deny permits in connection with (i) the placement and grading of sand and earth, and (ii) the development, construction, maintenance, and use of structures and lands anywhere within or upon the ocean beaches located on the real property owned by the appellants in the Incorporated Village of Quogue. Rivera, J.P., Leventhal, Hinds-Radix and Barros, JJ., concur.