Jon S. Semlear et al., as Trustees of the Freeholders and Commonalty of the Town of Southampton, Respondents, v Incorporated Village of Quogue, Appellant. [9 NYS3d 70]—

In an action, inter alia, to permanently enjoin the defendant from placing structures on, or moving, placing, or scraping sand in the ocean beach area within the boundaries of the Incorporated Village of Quogue, without a permit or consent from the plaintiffs, and for a judgment declaring that a certain set of rules and regulations is valid and binding upon the defendant, the defendant appeals from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Mayer, J.), dated December 11, 2012, as, upon the granting of the plaintiffs' motion for leave to reargue and thereupon, in effect, adhering to the determination in an order and judgment of the same court dated May 9, 2012, granting its motion for

summary judgment, declared that "the plaintiffs have the right to regulate activities to protect their easement as to that area south of the crest of the primary dune and north of the high water mark" along ocean beaches located within the boundaries of the Incorporated Village of Quogue.

Ordered that the order and judgment dated December 11, 2012, is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate amended judgment declaring that (a) the Trustees of the Freeholders and Commonalty of the Town of Southampton have no lawful governmental or regulatory power to grant or deny permits in connection with (i) the placement and grading of sand and earth, and (ii) the development, construction, maintenance, and use of structures and lands anywhere upon or in the ocean beaches located within the boundaries of the Incorporated Village of Quogue, except for the management of the specific activities and uses reserved to the inhabitants of the Town of Southampton by Laws of 1818 (ch 155) and 1831 (ch 283) for "taking seaweed from the shores of any of the common lands of said town, or carting or transporting to or from, or landing property on said shores, in the manner heretofore practiced" (L 1818, ch 155, § 4), and (b) any attempt by the Trustees of the Freeholders and Commonalty of the Town of Southampton to exercise or extend such power or authority over ocean beaches within the boundaries of the Incorporated Village of Quogue, including enforcement of any provisions of the Rules and Regulations for the Management and Products of the Waters of the Town of Southampton, except in the management of the specific activities and uses reserved to the inhabitants of the Town of Southampton under Laws of 1818 (ch 155) and 1831 (ch 283) is unlawful, unenforceable, and null and void.

The plaintiffs constitute the duly elected Trustees of the Freeholders and Commonalty of the Town of Southampton (hereinafter collectively the Trustees). The Trustees "are the successors to the original Trustees of the freeholders and commonalty of the Town of Southampton whose proprietary rights to certain lands and waters of the Town of Southampton and their right to legislate and control the same as a body politic is derived from antique, royal land grants and patents which have been repeatedly confirmed and upheld throughout the history of this State for over 300 years by both the framers of the State Constitution and the Legislature despite various specific attacks upon such authority" (*State of New York v Trustees of Freeholders & Commonalty of Town of Southampton,*

99 AD2d 804, 805 [1984]; *see Brookhaven Baymen's Assn., Inc.*
*v Town of Southampton*, 85 AD3d 1074, 1078 [2011]). By Laws
of 1818 (ch 155) (hereinafter the 1818 Law) and Laws of 1831
(ch 283) (hereinafter the 1831 Law), the New York State
Legislature divested the Trustees of all authority to regulate
activities on the subject ocean beach land, reserving to the
Trustees their authority over the "the waters . . . the fisheries,
the seaweed, or any other productions of the waters of said
town," and the right to protect the "privilege" reserved to the
Town's inhabitants "of taking seaweed from the shores of any
of the common lands of said town, or carting or transporting to
or from, or landing property on said shores, in the manner
heretofore practiced" (L 1818, ch 155, § 4, continued by L 1831,
ch 283, § 5; *see Town of Southampton v Betts*, 163 NY 454
[1900], *affg* 21 App Div 435 [1897]). The Court of Appeals
recognized this "privilege" to be in the nature of a public "ease-
ment" (*Town of Southampton v Betts*, 163 NY at 460).

The Trustees commenced this action against the defendant,
Incorporated Village of Quogue, which is located within the
borders of the Town, seeking, inter alia, a judgment declaring
that the Village must comply with various permit requirements
contained in the Rules and Regulations for the Management
and Products of the Waters of the Town of Southampton,
enacted by the Trustees, before performing activities such as
dune restoration and erosion control projects on the ocean
beach lands located within the Village. The Trustees contend
that they have the sole authority to regulate activities on the
subject ocean beach lands, based on a patent issued in 1686
(hereinafter the Dongan Patent) by Thomas Dongan, the Royal
Governor of the Province of New York, acting by authority of
King James II of England. The Village moved for summary
judgment, contending, among other things, that the Trustees
were divested of all authority to regulate activities on the
subject ocean beach land by the 1818 Law, except to continue
the management of the specific activities and uses within the
so-called "easement." In an order and judgment dated May 9,
2012, the Supreme Court granted the Village's motion for sum-
mary judgment dismissing the complaint, and declared that
the Trustees do not possess the right to regulate the subject
ocean beaches to protect their easement over them, to the
extent that the beaches lie north of the high-water mark in the
vicinity of the Atlantic Ocean. The Trustees thereafter
requested the Supreme Court to clarify that they still had the
power to institute legal action to protect the easement, and
thus moved for leave to reargue. The Village raised no objec-
tion to that contention. In an order and judgment dated

December 11, 2012, the Supreme Court, upon reargument, adhered to its prior determination granting the Village's motion for summary judgment dismissing the complaint, but also declared that the Trustees have "the right to regulate activities to protect their easement as to that area south of the crest of the primary dune and north of the high water mark."

We agree with the Village's contention that, upon reargument, the Supreme Court improperly granted relief to the Trustees that was different from the relief requested by Trustees, and was not requested by any of the parties herein (see *Matter of Myers v Markey*, 74 AD3d 1344, 1345 [2010]). Therefore, the Supreme Court should not have declared that the Trustees have "the right to regulate activities to protect their easement as to that area south of the crest of the primary dune and north of the high water mark."

In any event, we also agree with the Village that the broad declaration made by the Supreme Court exceeds the authority reserved to the Trustees under the 1818 Law, which was extended in the 1831 Law. The language of the 1818 Law "only relates to the use of the beach or shore, by taking seaweed from it and carting or transporting to and from or landing property on such shore" and "makes no reference to the management or regulation of the lands constituting the beach or shore . . ., but merely provides for the [Trustees'] management and regulation of the waters, fisheries, and taking of seaweed and the productions of the waters" (*Trustees of Southampton v Betts*, 21 App Div 435, 439 [1897], *affd and quoted in* 163 NY 454, 459 [1900]). Accordingly, the Village was entitled to a judgment declaring, inter alia, that the Trustees have no lawful governmental or regulatory power to grant or deny permits in connection with (i) the placement and grading of sand and earth, and (ii) the development, construction, maintenance, and use of structures and lands located anywhere upon the ocean beaches situated within the boundaries of the Village.

Contrary to the Trustees' contention, our determination herein is not inconsistent with our decisions in *Matter of Allen v Strough* (301 AD2d 11 [2002]) and *Matter of Poster v Strough* (299 AD2d 127 [2002]), as neither of those two cases involved the issue of the subject matter of the Trustees' regulatory jurisdiction but, instead, involved the issue of the Trustees' territorial or geographical jurisdiction. Rivera, J.P., Leventhal, Hinds-Radix and Barros, JJ., concur.