■ INCORPORATED VILLAGE OF WEST HAMPTON DUNES, Individually and in Parens Patriae on Behalf of its Residents, Respondent, v JON S. SEMLEAR et al., as Trustees of the FREE-HOLDERS AND COMMONALTY OF THE TOWN OF SOUTHAMPTON, Appellants, et al., Defendants/Respondents. [11 NYS3d 606]—In a

hybrid action, inter alia, for a judgment declaring that the defendants/respondents Jon S. Semlear, Frederick C. Havemyer, Eric Schultz, Edward J. Warner, Jr., and William Pell, as Trustees of the Freeholders and Commonalty of the Town of Southampton, have no lawful regulatory authority over the placement and grading of sand and earth or the development, construction, maintenance, and use of structures and lands upon the ocean beaches of the Incorporated Village of West Hampton Dunes, and proceeding pursuant to CPLR article 78 in the nature of mandamus to compel those defendants/respondents, among other things, to properly secure and deposit all monies coming into their possession in their official capacities, the defendants/respondents Jon S. Semlear, Frederick C. Havemyer, Eric Schultz, Edward J. Warner, Jr., and William Pell, as Trustees of the Freeholders and Commonalty of the Town of Southampton, appeal, as limited by their brief, from (1) stated portions of an order of the Supreme Court, Suffolk County (Mayer, J.), dated February 6, 2014, and (2) so much of a judgment of the same court dated March 17, 2014, as, upon so much of the order dated February 6, 2014, as awarded summary judgment to the plaintiff/petitioner on the first and second causes of action, made certain declarations.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff/petitioner.

The appeal from so much of the intermediate order as denied the appellants' motion to dismiss the sixth and seventh causes of action must be dismissed because no appeal lies as of right from an intermediate order entered in a proceeding pursuant to CPLR article 78 (*see* CPLR 5701 [b] [1]), and we decline to grant leave to appeal in light of the entry of a final judgment in this matter. The appeal from the remaining portions of the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the contention of the defendants/respondents Jon S. Semlear, Frederick C. Havemyer, Eric Schultz, Edward J. Warner, Jr., and William Pell, as Trustees of the Freeholders and Commonalty of the Town of Southampton (hereinafter col-

lectively the Trustees), for the reasons stated in our decision in a companion appeal (*see Semlear v Incorporated Vil. of Quogue*, 127 AD3d 1062 [2015] [decided herewith]), the Incorporated Village of West Hampton Dunes was correctly awarded a judgment declaring that (a) the Trustees have no lawful governmental or regulatory power to grant or deny permits in connection with (i) the placement and grading of sand and earth, and (ii) the development, construction, maintenance, and use of structures and lands anywhere upon or within the ocean beaches located within the boundaries of the Incorporated Village of West Hampton Dunes, except for the management of the specific activities and uses reserved to the inhabitants of the Town of Southampton for "taking seaweed from the shores of any of the common lands of said town, or carting or transporting to or from, or landing property on said shores, in the manner heretofore practiced" (L 1818, ch 155, § 4), in effect, as continued by Laws of 1831 (ch 283), and (b) any attempt by the Trustees of the Freeholders and Commonalty of the Town of Southampton to exercise or extend such power or authority over ocean beaches within the boundaries of the Incorporated Village of West Hampton Dunes, including enforcement of any provisions of the Rules and Regulations for the Management and Products of the Waters of the Town of Southampton, except in the management of the specific activities and uses reserved to the inhabitants of the Town of Southampton under Laws of 1818 (ch 155), in effect, as continued by Laws of 1831 (ch 283), is unlawful, unenforceable, and null and void.

The Trustees' remaining contentions are without merit. Rivera, J.P., Leventhal, Hinds-Radix and Barros, JJ., concur.