Seaview at Amagansett, Ltd. v Trustees of Freeholders & Commonalty of Town of E. Hampton (2021 NY Slip Op 00584)





Seaview at Amagansett, Ltd. v Trustees of Freeholders & Commonalty of Town of E. Hampton


2021 NY Slip Op 00584


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-05072
 (Index No. 34714/09)

[*1]Seaview at Amagansett, Ltd., et al., appellants, et al., plaintiffs, 
v
Trustees of Freeholders and Commonalty of Town of East Hampton, et al., respondents, et al., defendants; Jay H. Baker and Pat Good Baker Joint Trust, nonparty-appellant.


Esseks, Hefter, Angel, Di Talia & Pasca, LLP, Riverhead, NY (Stephen R. Angel, Anthony C. Pasca, and Patricia M. Carroll of counsel), for appellants Seaview at Amagansett, Ltd., Dunes at Napeague Property Owners Association, Inc., Tides Homeowners Association, Inc., Whalers Lane Homeowners Association, Inc., Robert Cristofaro, and Robert Cooperman.
Arnold & Porter Kaye Scholer LLP, New York, NY (James M. Catterson, Margaret A. Rogers, and Stephanna F. Szotkowski of counsel), for appellant Ocean Estates Property Owners Association, Inc., and nonparty-appellant (one brief filed).
Anthony B. Tohill, P.C., Riverhead, NY, for respondent Trustees of the Freeholders and Commonalty of the Town of East Hampton, and Goldstein, Rikon, Rikon & Houghton, P.C., New York, NY (Michael Rikon of counsel), for respondent Town of East Hampton (one brief filed).



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title, the plaintiffs Seaview at Amagansett, Ltd., Dunes at Napeague Property Owners Association, Inc., Tides Homeowners Association, Inc., Whalers Lane Homeowners Association, Inc., Robert Cristofaro, and Robert Cooperman appeal, the plaintiff Ocean Estates Property Owners Association, Inc., separately appeals, and nonparty Jay H. Baker and Pat Good Baker Joint Trust separately appeals from stated portions of a judgment of the Supreme Court, Suffolk County (Paul J. Baisley, Jr, J.), entered April 24, 2017. The judgment, insofar as appealed from by the plaintiffs Seaview at Amagansett, Ltd., Dunes at Nepeague Property Owners Association, Inc., Tides Homeowners Association, Inc., Whalers Lane Homeowners Association, Inc., Robert Cristofaro, and Robert Cooperman, upon a decision of the same court (Ralph T. Gazzillo, J.) dated November 4, 2016, made after a nonjury trial, dismissed the plaintiffs' first through twelfth causes of action insofar as asserted against the defendants Trustees of the Freeholders and Commonalty of the Town of East Hampton and Town of East Hampton. The judgment, insofar as appealed from by the plaintiff Ocean Estates Property Owners Association, Inc., upon the decision, dismissed the plaintiffs' first, second, third, and seventh through twelfth causes of action insofar as asserted against the defendants Trustees of the Freeholders and Commonalty of the Town of East Hampton and Town of East Hampton.
ORDERED that the appeal by nonparty Jay H. Baker and Pat Good Baker Joint Trust [*2]is dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment is modified, on the law and on the facts, by deleting the provisions thereof dismissing the plaintiffs' first, second, and third causes of action insofar as asserted against the defendants Trustees of the Freeholders and Commonalty of the Town of East Hampton and Town of East Hampton, and substituting therefor provisions granting so much of those causes of action as, in effect, sought a judgment: (1) declaring that the plaintiffs Seaview at Amagansett, Ltd., Dunes at Napeague Property Owners Association, Inc., Tides Homeowners Association, Inc., and Whalers Lane Homeowners Association, Inc., own title in fee simple absolute to their respective properties extending to the mean high-water mark of the Atlantic Ocean, (2) declaring that the plaintiff Ocean Estates Property Owners Association, Inc., owns title in fee simple absolute to the westernmost 400 feet of its property extending to the mean high-water mark of the Atlantic Ocean, (3) declaring that a reservation contained in a certain deed dated March 15, 1882, and recorded in the office of the Clerk of the County of Suffolk on October 25, 1882, in Liber 268 at page 478 permits the public use of the properties described therein only for fishing and fishing-related purposes, and (4) enjoining the defendants Trustees of the Freeholders and Commonalty of Town of East Hampton and Town of East Hampton from issuing permits purporting to authorize their holders to operate and park vehicles on property owned by the plaintiffs Seaview at Amagansett, Ltd., Dunes at Napeague Property Owners Association, Inc., Ocean Estates Property Owners Association, Inc., Tides Homeowners Association, Inc., and Whalers Lane Homeowners Association, Inc.; as so modified, the judgment is affirmed insofar as reviewed on the appeal by Seaview at Amagansett, Ltd., Dunes at Napeague Property Owners Association, Inc., Tides Homeowners Association, Inc., Whalers Lane Homeowners Association, Inc., Robert Cristofaro, and Robert Cooperman, and insofar as reviewed on the separate appeal by Ocean Estates Property Owners Association, Inc., without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment in accordance herewith (see Lanza v Wagner, 11 NY2d 317, 334).
The dispute at the heart of these appeals centers around the ownership and use of part of a certain ocean beach located in the Town of East Hampton, which spans approximately 4,000 feet of oceanfront (hereinafter the beach). The plaintiffs Seaview at Amagansett, Ltd. (hereinafter Seaview), Dunes at Napeague Property Owners Association, Inc. (hereinafter Dunes), Tides Homeowners Association, Inc. (hereinafter Tides), Whalers Lane Homeowners Association, Inc. (hereinafter Whalers), and Ocean Estates Property Owners Association, Inc. (hereinafter Ocean, and, collectively with Seaview, Dunes, Tides, and Whalers, the homeowners associations), are homeowners associations that claim to own property that includes the portion of the beach lying landward of the mean high-water mark of the Atlantic Ocean. The plaintiffs Robert Cristofaro and Robert Cooperman are members of Dunes.
Since 1991, the Town, acting pursuant to chapter 91, article I of the Town of East Hampton Town Code (hereinafter the Town Code), has issued permits authorizing their holders, inter alia, to operate and park vehicles on the beach. In relevant part, section 91-3 of the Town Code defines the term "beach" as including "[a]ll land lying between a body of fresh- or salt water and the base of a bluff or dune. In cases where there is no bluff or dune present, then the 'beach' shall be all land lying between such body of water and the naturally occurring beach grass or the upland vegetation if no naturally occurring beach grass is present." Thus, the Town Code's definition of "beach" includes both the upland title claimed by the homeowners associations, which extends to the mean high-water mark, as well as the foreshore that lies beyond it, i.e., the underwater land "between high and low water mark" (Tiffany v Town of Oyster Bay, 234 NY 15, 20; see Tucci v Salzhauer, 40 AD2d 712, 712-713, affd 33 NY2d 854).
The plaintiffs commenced this action against, among others, the Town and the Trustees of the Freeholders and Commonalty of the Town of East Hampton (hereinafter the Trustees). Insofar as relevant to this appeal, the homeowners associations sought, in their first cause of action, to quiet title to the beachfront portions of their respective properties and, in effect, a judgment declaring that they owned title in fee simple to the disputed area. The homeowners associations also sought, in their second cause of action, in effect, a judgment declaring that a [*3]reservation contained in a certain deed, dated March 15, 1882, and recorded in the office of the Clerk of the County of Suffolk on October 25, 1882, in Liber 268 at page 478 (hereinafter the Benson Deed) had been terminated or, in the alternative, could not be construed as authorizing the Town to issue permits to operate and park vehicles on the plaintiffs' properties. Relatedly, in their third cause of action, the homeowners associations sought to enjoin the Town and the Trustees, acting pursuant to the Town Code, from issuing permits purporting to authorize their holders to operate and park vehicles on the plaintiffs' properties. The plaintiffs also, among other things, asserted causes of action sounding in private and public nuisance, breach of fiduciary duty, and for a judgment declaring chapter 91, article I of the Town Code unconstitutional. In addition, the Dunes and Cristofaro asserted causes of action seeking to restrict the use of a certain access point to the beach, running through part of their property. After a nonjury trial, the Supreme Court entered judgment dismissing the complaint.
As a threshold matter, the appeal by nonparty Jay H. Baker and Pat Good Baker Joint Trust (hereinafter the Baker Trust) must be dismissed, as the judgment itself contains no determination adverse to the Baker Trust (see Naula v Utoklien, LLC, 180 AD3d 1058, 1060), and the Baker Trust merely disagrees with certain language and reasoning contained in the trial court's decision dated November 4, 2016, upon which the judgment was made (see Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 472-473).
"In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses" (BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp., 89 AD3d 883, 884; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).
In an action pursuant to RPAPL article 15, the plaintiff bears the burden of demonstrating, inter alia, the boundaries of the subject property with "common certainty" (see RPAPL 1515[2]; see O'Brien v Town of Huntington, 66 AD3d 160, 166). Here, contrary to the Supreme Court's determination, we find that Seaview, Dunes, Tides, and Whalers established their title claims by a preponderance of the evidence, and that Ocean established its title claim by a preponderance of the evidence with respect to the westernmost portion of its property. At trial, the plaintiffs produced a land title expert who testified to the homeowners associations' chains of title to their respective properties. Specifically, that expert testified, based on documentary evidence, that Seaview, Dunes, Tides, and Whalers owned fee simple title to their respective properties, extending to the mean high-water mark of the Atlantic Ocean. The expert also testified, in relevant part, that Ocean owned fee simple title extending to the mean high-water mark of the Atlantic Ocean, as to the westernmost 400 linear feet of its property. The plaintiffs produced all of the deeds in those respective chains of title, beginning with the Benson Deed, which is common to all of the homeowners associations' chains of title. Based on the foregoing evidence, the homeowners associations established, to the extent previously indicated, that they owned title in fee simple absolute to the disputed portion of their respective properties (see RPAPL 1515[2]; Hartmann v Harris, 136 AD3d 977, 979; Bergstrom v McChesney, 92 AD3d 1125, 1126).
The Trustees were empowered, in 1882, to validly convey to the homeowners associations' common predecessor-in-interest, Arthur W. Benson, title to the disputed portion of the beach, which lies landward of the mean high-water mark and did so (cf. Marba Sea Bay Corp. v Clinton St. Realty Corp., 272 NY 292, 297; Smith v State of New York, 153 AD2d 737). The Town and Trustees produced no evidence that any of the deeds in the respective title chains were invalid. Nor did they otherwise produce evidence controverting the chains of title to the respective properties. The fact that certain of the conveyances in those chains of title were made by way of quitclaim deeds does not, by itself, undermine the plaintiffs' title claims (see generally Margolin v Gatto, 70 AD3d 1014, 1015; Welch v Prevost Landowners, 202 AD2d 803, 804).
The Town and Trustees contend that even if the homeowners associations established their respective title claims, the Town nevertheless retains the right to allow the public to operate and park vehicles along the entire beach—including the portion owned by the homeowners [*4]associations—based on a reservation contained in the Benson Deed. Specifically, the clause at issue "reserved to the inhabitants of the Town of East Hampton the right to land fish boats and netts to spread the netts on the adjacent sands and care for the fish and material as has been customary heretofore on the South Shore of the Town lying westerly of these conveyed premises."
We find that the reservation contained in the Benson Deed cannot be construed as broadly as the Town and Trustees contend. Rather, the reservation is in the nature of an easement allowing the public to use the homeowners associations' portion of the beach only for fishing and fishing-related purposes, as contemplated by the plain wording of the reservation (see Town of Southampton v Betts, 163 NY 454, 460; Semlear v Incorporated Vil. of Quogue, 127 AD3d 1062, 1065). Thus, the reservation does not confer upon the Town and Trustees lawful governmental or regulatory power to issue permits allowing members of the public to operate and park vehicles on any portion of the beach owned by the homeowners associations.
We agree with the Supreme Court's determination dismissing the fourth through sixth causes of action, in which Dunes and Cristofaro sought to restrict the use of a certain access point to the beach, running through part of Dunes' property as well as part of the property of additional defendants Irving C. Marcus and Harriet Marcus. Among other things, we note that the instruments alleged in the complaint to govern the Town's and the Trustees' rights and obligations with respect to the use of the access point were not produced at the trial and are therefore not before us. Thus, Dunes and Cristofaro failed to establish, as alleged in the complaint, that the Town and the Trustees exceeded the scope of any rights granted to them under those instruments.
The parties' remaining contentions are either not properly before this Court or without merit.
Accordingly, we modify the judgment to the extent indicated, and remit the matter to the Supreme Court, Suffolk County, for the entry of an appropriate judgment (see Lanza v Wagner, 11 NY2d at 334).
MASTRO, A.P.J., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court