Thomas v Trustees of the Freeholders & Commonalty of the Town of Southampton (2022 NY Slip Op 00894)





Thomas v Trustees of the Freeholders & Commonalty of the Town of Southampton


2022 NY Slip Op 00894


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
WILLIAM G. FORD, JJ.


2018-05020
 (Index No. 21519/15)

[*1]Kathleen Araskog Thomas, et al., appellants,
v
Trustees of the Freeholders and Commonalty of the Town of Southampton, et al., respondents, et al., defendants.


Nica B. Strunk, Southampton, NY, for appellants.
Sokoloff Stern LLP, Carle Place, NY (Steven C. Stern and Chelsea Weisbord of counsel), for respondent Trustees of the Freeholders and Commonalty of the Town of Southampton.
Devitt Spellman Barrett, LLP, Smithtown, NY (Theodore D. Sklar of counsel), for respondent Village of Southampton.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Mark S. Grube of counsel), for respondent New York State Department of Environmental Conservation.



DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated March 12, 2018. The order (1) granted the motion of the defendant New York State Department of Environmental Conservation pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it, (2) denied the plaintiffs' motion for summary judgment on the first, second, and sixth causes of action and on the issue of liability on the third cause of action, (3) granted those branches of the cross motion of the defendant Village of Southampton which were for leave to amend its answer to assert the affirmative defenses of res judicata and collateral estoppel and for summary judgment dismissing the first, second, and third causes of action insofar as asserted against it, and, in effect, searched the record and awarded that defendant summary judgment dismissing the fourth, seventh, and eighth causes of action insofar as asserted against it, and (4) granted those branches of the cross motion of the defendant Trustees of the Freeholders and Commonalty of the Town of Southampton which were for leave to amend its answer to assert the affirmative defenses of res judicata and collateral estoppel and for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof, in effect, searching the record and awarding the defendant Village of Southampton summary judgment dismissing the fourth, seventh, and eighth causes of action insofar as asserted against it, and (2) by deleting the provision thereof granting that branch of the cross motion of the defendant Trustees of the Freeholders and Commonalty of the Town of Southampton which was for summary judgment dismissing the seventh cause of action insofar as asserted against it, and substituting [*2]therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed, with costs payable by the plaintiffs to the defendant New York State Department of Environmental Conservation.
The plaintiff Kathleen Araskog Thomas is the owner of residential property in the Village of Southampton, Town of Southampton, which is bounded on the north by Meadow Lane and on the south by the high-water line of the Atlantic Ocean. Pursuant to Code of the Village of Southampton (hereinafter Village Code) § 80-1(d)(1), it is generally prohibited to operate motor vehicles on ocean beaches between 9:00 a.m. and 6:00 p.m. during the summer months. However, the Village Code provides an exception to this general prohibition for a portion of the beach that includes Thomas's property, among others (hereinafter the subject beach area) (see id. § 80-1[d][4]; see also id. § 80-1[d][2]). The defendant Trustees of the Freeholders and Commonalty of the Town of Southampton (hereinafter the Town Trustees) adopted a similar daytime driving and parking regulation, which was set forth in Article XII of the Rules and Regulations for the Management and Products of the Waters of the Town (hereinafter Town Trustees' Regulation). As a result of these exceptions to the general prohibition against summer daytime beach driving and parking, a large number of vehicles holding beach-driving permits drive and park on the subject beach area during the day in the summer months.
In 2015, the plaintiffs commenced this action against, among others, the Village and the Town Trustees, alleging, in the first and second causes of action, that Village Code § 80-1(d)(4) (hereinafter the Village Regulation) and the Town Trustees' Regulation violated their rights to equal protection of the laws (see US Const, 14th Amend; NY Const, art I, § 11). In the third cause of action, the plaintiffs alleged that the Village Regulation and the Town Trustees' Regulation effected a per se unconstitutional physical taking of their property without just compensation. In the fourth cause of action, the plaintiffs alleged that the Village Regulation and the Town Trustees' Regulation were void because they violated certain State regulations pertaining to coastal erosion management (see 6 NYCRR part 505). The plaintiffs alleged in the sixth cause of action that the Town Trustees' Regulation was ultra vires and thus void. The seventh cause of action sought damages against the Village and the Town Trustees for private nuisance, and the eighth cause of action sought injunctive relief against those defendants based upon a public nuisance. The plaintiffs also asserted a cause of action (fifth cause of action) against the defendant New York State Department of Environmental Conservation (hereinafter the DEC), seeking to compel the DEC to "monitor and revoke the regulatory programs authorizing driving and parking on ocean beaches landward of the debris line."
The DEC moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it. The plaintiffs moved for summary judgment on the first, second, and sixth causes of action and on the issue of liability on the third cause of action. The Village cross-moved, inter alia, for leave to amend its answer to assert the affirmative defenses of res judicata and collateral estoppel and for summary judgment dismissing the first, second, and third causes of action insofar as asserted against it. The Town Trustees cross-moved, inter alia, for leave to amend its answer to assert the affirmative defenses of res judicata and collateral estoppel and for summary judgment dismissing the complaint insofar as asserted against it. In an order dated March 12, 2018, the Supreme Court (1) granted the DEC's motion, (2) denied the plaintiff's motion, (3) granted those branches of the Village's cross motion which were for leave to amend its answer to assert the affirmative defenses of res judicata and collateral estoppel and for summary judgment dismissing the first, second, and third causes of action insofar as asserted against it, and (4) granted those branches of the Town Trustees' cross motion which were for leave to amend its answer to assert the affirmative defenses of res judicata and collateral estoppel and for summary judgment dismissing the complaint insofar as asserted against it. The court also, in effect, searched the record and awarded the Village summary judgment dismissing the fourth, seventh, and eighth causes of action insofar as asserted against it. The plaintiffs appeal.
The Supreme Court properly granted the DEC's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it. "[T]he remedy of mandamus is available to compel a governmental entity or officer to perform a ministerial duty, but does not lie to compel an act which involves an exercise of judgment or discretion" (Matter of Brusco v Braun, 84 NY2d 674, [*3]679; see New York Civ. Liberties Union v State of New York, 4 NY3d 175, 184). "The general principle [is] that mandamus will lie against an administrative [body] only to compel [it] to perform a legal duty, and not to direct how [it] shall perform that duty" (People ex rel. Schau v McWilliams, 185 NY 92, 100; see Matter of Willows Condominium Assn. v Town of Greenburgh, 153 AD3d 535, 536). Here, the acts the plaintiffs sought to compel the DEC to perform—"monitor and revoke the regulatory programs authorizing driving and parking" on the subject beach area—are not ministerial duties, but rather, involve an exercise of judgment. In essence, the plaintiffs were improperly seeking to direct how the DEC performs its duty of regulating coastal areas.
The Supreme Court properly granted those branches of the Town Trustees' cross motion which were for summary judgment dismissing the first, fourth, sixth, and eighth causes of action insofar as asserted against it. Those causes of action, which sought only declaratory and injunctive relief related to the Town Trustees' Regulation, were rendered academic by the repeal of that regulation after the commencement of this action (see Scarsdale Supply Co. v Village of Scarsdale, 8 NY2d 325, 327).
The Supreme Court also properly granted those branches of the cross motions of the Village and the Town Trustees which were for leave to amend their answers to assert the affirmative defenses of res judicata and collateral estoppel, as those defenses were neither palpably insufficient nor patently devoid of merit, and the amendments did not serve to prejudice or surprise the plaintiffs (see CPLR 3025[b]; Jin Liang Lin v Gee, ___ AD3d ___, 2021 NY Slip Op 06679 [2d Dept]).
The Village demonstrated its prima facie entitlement to judgment as a matter of law dismissing the first and second causes of action insofar as asserted against it on the basis of res judicata, and the plaintiffs failed to raise a triable issue of fact in opposition. "The doctrine of res judicata, or claim preclusion, provides that, as to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive in any subsequent action of the issues of fact and questions of law necessarily decided in the first action" (Burch v Trustees of Freeholders & Commonalty of Town of Southampton, 47 AD3d 654, 657; see Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485). "Furthermore, pursuant to the doctrine, once a claim is brought to a final conclusion, all other claims arising out of the same 'transaction' are barred, even if based upon different theories, or if seeking a different remedy" (Burch v Trustees of Freeholders & Commonalty of Town of Southampton, 47 AD3d at 657, quoting O'Brien v City of Syracuse, 54 NY2d 353, 357).
In 1988, several owners of property located in the subject beach area commenced an action against, among others, the Village and the Town Trustees challenging the same Village Regulation and Town Trustees' Regulation that are challenged by the plaintiffs in this action (see Katz v Village of Southampton, 244 AD2d 461). The Katz action resulted in a final judgment on the merits in favor of the Town Trustees and the Village and against the plaintiffs (see id. at 462). Subsequently, in 2005, some of the same property owners who were plaintiffs in Katz, along with additional owners of property in the subject beach area, commenced another action against, among others, the Village and the Town Trustees (see Burch v Trustees of Freeholders & Commonalty of Town of Southampton, 47 AD3d 654). This Court determined that the equal protection claims alleged by all of the plaintiffs in Burch, whether or not they were plaintiffs in Katz, were barred by the doctrine of res judicata in light of the Katz action (see id. at 658). The same is true in this action, which, in this respect, is indistinguishable from Burch. Accordingly, that branch of the Village's cross motion which was for summary judgment dismissing the first and second causes of action insofar as asserted against it was properly granted. For the same reason, that branch of the Town Trustees' cross motion which was for summary judgment dismissing the second cause of action, which sought an award of attorneys' fees for an equal protection violation, insofar as asserted against it was properly granted, and that branch of the plaintiffs' motion which was for summary judgment on those causes of action was properly denied.
Similarly, the Village and the Town Trustees demonstrated their entitlement to judgment as a matter of law dismissing the third cause of action insofar as asserted against each of them due to the res judicata effect of the Katz action, and the plaintiffs failed to raise a triable issue [*4]of fact in opposition. Indeed, the plaintiffs in the Katz action asserted the same cause of action alleging an unconstitutional taking of their property without just compensation. This Court summarily dismissed that cause of action on the merits, essentially concluding that the Village's regulation of driving and parking on the subject beach area did not constitute a taking of property in light of the existence of a public easement over the subject beach area (see Katz v Village of Southampton, 244 AD2d at 462-463, citing Dolphin Lane Assoc. v Town of Southampton, 37 NY2d 292, 297). This Court remitted the matter to the Supreme Court for the entry of a judgment, inter alia, declaring that the Village Regulation is constitutional (see Katz v Village of Southampton, 244 AD2d at 462-463).
Contrary to the plaintiffs' contention, that aspect of Katz was not abrogated by this Court's subsequent decision in Semlear v Incorporated Vil. of Quogue (127 AD3d 1062), an action commenced by the Town Trustees, inter alia, for a judgment declaring that a certain village was required to obtain permits from the Town Trustees in order to perform activities on the beach such as dune restoration and erosion control projects. Semlear set forth, including in declaratory form, an 1818 law that serves to define the regulatory powers of the Town Trustees with respect to the ocean beaches (see L 1818, ch 155, § 4). It did not change the law. Indeed, the complaint in Katz quoted, and relied upon, the 1818 law. Accordingly, this Court's decision in Semlear does not provide any justification for allowing the plaintiffs to raise anew a claim that was already decided in Katz.
Any reliance on this Court's decision in Seaview at Amagansett, Ltd. v Trustees of Freeholders & Commonalty of Town of E. Hampton (191 AD3d 717) would also be unavailing. In that case, this Court granted the plaintiff property owners injunctive relief relating to driving and parking on a beach in the Town of East Hampton. The claimed authority for such driving and parking was predicated upon a reservation in a deed limited to "fishing and fishing-related purposes" (id. at 722). In contrast, the Katz decision was predicated upon a legislatively created and judicially recognized public access easement over the subject beach area (see L 1818, ch 155, § 4; Dolphin Lane Assoc. v Town of Southampton, 37 NY2d at 297; Town of Southampton v Betts, 163 NY 454, 457).
Accordingly, those branches of the cross motions of the Village and the Town Trustees which were for summary judgment dismissing the third cause of action insofar as asserted against each of them were properly granted, and that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the third cause of action was properly denied.
However, the Supreme Court improperly granted that branch of the Town Trustees' cross motion which was for summary judgment dismissing the seventh cause of action insofar as asserted against it, and improperly, in effect, searched the record and awarded the Village summary judgment dismissing that cause of action insofar as asserted against it. To be entitled to damages for private nuisance, "a plaintiff must establish an interference with his or her right to use and enjoy land, substantial in nature, intentional or negligent in origin, unreasonable in character, and caused by the defendant's conduct" (Kaplan v Incorporated Vil. of Lynbrook, 12 AD3d 410, 412; see Rosen v Schonbrun, 172 AD3d 771, 773). Here, contrary to the court's conclusion, photographs of the subject beach area as well as the affidavits of Thomas and her family describing the conditions on the beach raised triable issues of fact as to whether driving and parking in the subject beach area, in the manner and at the intensity allegedly occurring at the time of this action, was of an unreasonable character.
The Supreme Court also erred by, in effect, searching the record and awarding the Village summary judgment dismissing the eighth cause of action insofar as asserted against it. "A public nuisance exists for conduct that amounts to a substantial interference with the exercise of a common right of the public, thereby offending public morals, interfering with the use by the public of a public place or endangering or injuring the property, health, safety or comfort of a considerable number of persons" (532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d 280, 292). Here, contrary to the court's conclusion, triable issues of fact existed as to whether summer daytime beach driving and parking in the subject beach area, in the manner and at the intensity allegedly occurring [*5]at the time of this action, endangered the health and safety of members of the public who use that portion of the beach as well as the beach itself, including the lands seaward of the high-water line, which are held in trust for the public.
Finally, since the merits of the fourth cause of action were not before the Supreme Court on any of the motions and cross motions, the court improvidently exercised its discretion by, in effect, searching the record and awarding the Village summary judgment dismissing the fourth cause of action insofar as asserted against it on the merits (see Quizhpe v Luvin Const., 70 AD3d 912, 914; Carrollwood Condominium Bd. of Mgrs. v Pulle, 291 AD2d 425, 426).
The parties' remaining contentions are without merit.
IANNACCI, J.P., CHAMBERS, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court