■ GILBERT BALLEN, Doing Business as GILBERT DISPLAYS, Appellant, v AERO MAYFLOWER TRANSIT Co., INC., et al., Respondents.—In an action, inter alia, to recover damages for breach of a shipping contract, the plaintiff appeals from an

order of the Supreme Court, Queens County (Leviss, J.), dated August 5, 1987, which granted the defendants' motion for summary judgment dismissing the complaint and denied, as moot, his cross motion to strike the defendants' answer and the counterclaim of the defendant Aero Mayflower Transit Co. Inc. (hereinafter Mayflower).

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the plaintiff's cross motion which was to strike Mayflower's counterclaim; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a consideration of the merits of that branch of the cross motion which was to strike Mayflower's counterclaim.

In this action, the plaintiff seeks to recover $63,800 from the defendants for alleged damage sustained by a shipment of displays which the defendants undertook to transport from New York to San Francisco. In its verified complaint, the plaintiff alleged that the defendants, through their negligence, and breach of the terms of the bills of lading governing the shipments, caused the alleged damage to the goods.

In the answer interposed by the defendants, Mayflower asserted a counterclaim for charges in the principal amount of $25,000, which the plaintiff had allegedly refused to pay. In addition both the defendants asserted the affirmative defense that the action was subject to the terms and conditions of the agreement between the parties "including but not limited to * * * limitations of liability". The bills of lading covering the subject shipments and the governing tariff contained the following terms: "As a condition precedent to recovery, a claim for any loss, damage, injury, or delay, must be filed in writing with carrier within nine (9) months after delivery to consignee * * *. Where a claim is not filed or suit is not instituted thereon in accordance with the foregoing provisions, carrier will not be liable and such claims will not be paid".

Subsequently, after extensive discovery, the defendants moved for summary judgment on the ground that they had not received a written notice of claim as specified in the bills of lading and governing tariff. The plaintiff cross-moved to strike the answer insofar as it was asserted by Mayflower for its alleged failure to appear at a court-ordered deposition.

The Supreme Court granted the motion for summary judgment and denied the cross motion as moot.

Contrary to the plaintiff's contention, the defendants did not

waive the limitations of liability defense. That defense was interposed in the answer. Even if it had not been interposed, in the absence of prejudice to the plaintiff, the court could properly have considered such a defense on the motion for summary judgment *(cf., Barrett v Kasco Constr. Co.,* 84 AD2d 555, *affd* 56 NY2d 830; *Dampskibsselskabet Torm A/S v Thomas Paper Co.,* 26 AD2d 347).

The limitations of liability provision in the bills of lading is permitted by the Carmack Amendment *(see,* 49 USC § 11707 [c]). Such a provision is generally held to be mandatory *(Chesapeake & Ohio Ry. Co. v Martin,* 283 US 209; *Georgia, Fla. & Ala. Ry. v Blish Co.,* 241 US 190). The majority of Federal courts, including those in the Second Circuit, have held that actual notice to the carrier does not obviate the need to file a timely written notice of claim *(see, Gooch v Oregon Short Line R. R. Co.,* 258 US 22, 24; *St. Louis, Iron Mountain & S. Ry. Co. v Starbird,* 243 US 592, 605; *R.T.A. Corp. v Consolidated Rail Corp.,* 594 F Supp 205; *Bobst Div. v IML-Freight, Inc.,* 566 F Supp 665; *Westhemeco Ltd. v New Hampshire Ins. Co.,* 484 F Supp 1158; *cf., Hopper Paper Co. v Baltimore & Ohio R. R. Co.,* 178 F2d 179, 181). Thus, although the record indicates that the defendants had actual knowledge of the damage shortly after the loss was allegedly sustained, we will follow the generally accepted view that actual knowledge is insufficient to negate the limitations of liability provision in a bill of lading. We further find that under the circumstances of this case, the defendants should not be estopped from asserting the plaintiff's failure to file a valid claim. Some Federal courts, including those in the Second Circuit, have held that estoppel is available as a defense in actions brought under the Carmack Amendment *(see, e.g., Pathway Bellows v Blanchette,* 630 F2d 900, *cert denied* 450 US 915; *Perini-North Riv. Assocs. v Chesapeake & Ohio Ry. Co.,* 562 F2d 269). However, for the plaintiff to prevail on an estoppel theory he would have to prove that the defendants' employees made misleading representations and that he failed to file a timely claim as a result of his reliance upon those misrepresentations *(R.T.A. Corp. v Consolidated Rail Corp., supra,* at 210). Mindful of the fact that "[e]stoppel, within the context of the mandatory, statutory and regulatory scheme, should not be lightly found" *(Bobst Div. v IML-Freight, Inc., supra,* at 669), our review of the record does not indicate that the defendants made any misleading representations which could have led the plaintiff to believe that a written notice of claim need not be filed. Indeed, to the contrary, the defendant

Gold Service Movers, Inc. (hereinafter Gold) sent two sets of notice of claim forms to the plaintiff within the nine-month period, which were never submitted by the plaintiff. Accordingly, summary judgment was properly granted to the defendants.

However, the Supreme Court improperly denied the plaintiff's cross motion as moot. CPLR 3019 (d) provides, in pertinent part, that "[a] cause of action contained in a counterclaim * * * shall be treated, as far as practicable, as if it were contained in a complaint". Thus, in cases where the plaintiff's action against a defendant is dismissed on the merits, the court may still adjudicate counterclaims against the plaintiff (see, 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3019.32; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3019:20, at 230; cf., Brennan v Mead, 73 AD2d 926). Since a common carrier's liability for the value of goods destroyed or lost prior to delivery is distinct from the shipper's liability for freight charges (see, Alcoa S. S. Co. v United States, 338 US 421, 422; Texaco Export v Overseas Tankship Corp., 573 F2d 717; National Trailer Convoy v United States, 345 F2d 573), the plaintiff's cross motion was improperly denied as moot. Consequently, the matter is remitted to the Supreme Court for a consideration of the merits of the plaintiff's cross motion insofar as it seeks to dismiss Mayflower's counterclaim.

The plaintiff's remaining contention, that the liability of the defendant Gold is not governed by the Carmack Amendment, is raised for the first time on appeal and we decline to address it (see, Risucci v Homayoon, 122 AD2d 260). Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.