■ ANTHONY LASALA, Respondent, v HILDE TERSTIEGE et al., Respondents, and TOWN OF BABYLON, Appellant. [713 NYS2d 767] —In an action pursuant to RPAPL article 15 to quiet title to real property, the defendant Town of Babylon appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated December 18, 1998, as granted the plaintiff's motion for summary judgment against it and to dismiss its counterclaim, and denied its motion for summary judgment on its counterclaim, (2) from stated portions of a judgment of the same court dated February 25, 1999, and (3) from stated portions of a resettled judgment of the same court dated April 22, 1999, which, *inter alia,* adjudged the plaintiff to be the owner of the subject property.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeal from the judgment is dismissed as the judgment was superseded by the resettled judgment; and it is further,

Ordered that the resettled judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the resettled judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the

order are brought up for review and have been considered on the appeal from the resettled judgment (*see,* CPLR 5501 [a] [1]).

The defendant Town of Babylon (hereinafter the Town), counterclaimed for a judgment, in effect, declaring that it was the owner of land situated under the water of Great Neck Creek in the Town of Babylon. To prevail in a proceeding pursuant to RPAPL article 15, a party must demonstrate good title in itself; it may not rely on the weakness of its adversary's title (*see,* RPAPL 1519 [3]; *Best Renting Co. v City of New York,* 248 NY 491; *Town of N. Hempstead v Bonner,* 77 AD2d 567; *Town of Smithtown v Brooklyn Gun Club,* 58 Misc 2d 708). Here, the Town, as plaintiff on the counterclaim, laid claim to title of this property. Therefore, the burden of establishing ownership applied equally to it and the plaintiff, Anthony La-Sala.

The Town contended that it possessed superior title to La-Sala. It based its claim of title on grants issued in 1666, 1688, and 1694, by Colonial governors and the fact that there is no record of the Town conveying the subject property to individual owners. However, since the grants relied on by the Town expressly conveyed title to all land lying under tidewaters, the Town was required to show that Great Neck Creek was indeed tidewater at the time of conveyance. This it failed to do, but rather, continued to rely on infirmities in LaSala's title. Therefore, it failed to meet its burden of establishing good title in itself. Accordingly, the Supreme Court properly denied its cross motion for summary judgment, and properly granted that branch of LaSala's motion which was to dismiss its counterclaim.

LaSala, however, established an unbroken chain of title dating back to Jacob M. Conklin in 1831. Additionally, each deed in this chain expressly conveyed title to land "bounded on the east by Great Neck Creek", or indicated that the conveyance was made "with title running to center of Great Neck Creek". It has been held that in the absence of express reservation or language from which such a reservation may be implied, there is a presumption that a grant of land on a nontidal stream extends to the center of the stream (*see, People v System Props.,* 2 NY2d 330, 342; *Meadvin v State of New York,* 22 AD2d 326, 327). Thus, in weighing all the documentary evidence such as the deeds, maps, and surveys, the Supreme Court properly determined that LaSala established title to the subject property and granted his motion for partial summary judgment.

The Town's remaining contentions are without merit. Florio, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.