■ PORTIA HAWKINS-BOND, Respondent, v ALBERT KONEFSKY, Appellant. [849 NYS2d 802]—

In an action pursuant to RPAPL article 15 to establish title to a parcel of real property by adverse possession, the defendant appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated July 18, 2005, as, upon granting that branch of his motion which was for summary judgment dismissing the complaint, denied that branch of his motion which was to sever his first, fourth, and fifth counterclaims as moot.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was to sever his first, fourth, and fifth counterclaims is granted.

"A cause of action contained in a counterclaim . . . shall be treated, as far as practicable, as if it were contained in a

complaint" (CPLR 3019 [d]). Thus, dismissal of the plaintiff's complaint did not, in itself, extinguish the defendant's counterclaims (*see* CPLR 3019 [d]; *Ballen v Aero Mayflower Tr. Co.*, 144 AD2d 407, 410 [1988]). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was to sever his first, fourth, and fifth counterclaims, as they remained viable, independent causes of action (*see Ballen v Aero Mayflower Tr. Co.*, 144 AD2d at 410).

Contrary to the defendant's contention, however, the appeal from the order dated July 18, 2005 does not bring up for review a prior order dated March 4, 2005, pursuant to CPLR 5501 (a) (1), since that provision applies only to appeals from final judgments (*see Cardinal Holdings v Chandre Corp.*, 302 AD2d 550, 551 [2003]). In this respect, the defendant's contentions regarding the dismissal of his second counterclaim and the denial of his request for an attorney's fee and for sanctions are not properly before this Court.

Finally, we do not reach the defendant's contention concerning that branch of his motion which was for partial summary judgment on his second and third counterclaims, as that branch of the motion was not addressed by the Supreme Court. Thus, it remains pending and undecided (*see Katz v Katz*, 68 AD2d 536 [1979]). Spolzino, J.P., Skelos, Florio and Angiolillo, JJ., concur.