◼ Louis J. Gaccione Jr., Respondent, v Estelle Scarpinato et al., Appellants. [26 NYS3d 603]—

In an action, inter alia, to recover damages for defamation, the defendants appeal from a judgment of the Supreme Court, Nassau County (Galasso, J.), entered November 12, 2013, which, upon the denial of their motion pursuant to CPLR 4401, made at the close of the plaintiff's case and renewed at the close of the evidence, for judgment as a matter of law, upon a jury verdict in favor of the plaintiff and against them, and upon the denial of their oral application, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law, is in favor of the plaintiff and against them in the principal sum of $194,000, plus punitive damages.

Ordered that the judgment is reversed, on the law, with costs, the defendants' oral application, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law is granted, and the complaint is dismissed.

The plaintiff commenced this action to recover damages against the defendants. The plaintiff, an attorney, asserted, among other causes of action, a cause of action to recover damages for defamation. This cause of action was based on allegations that the defendant Estelle Scarpinato told her husband, the defendant Emanuel J. Scarpinato, that the plaintiff threatened Estelle and the children of Estelle and Emanuel,

and that each defendant then told third parties about the supposed threat.

At trial, the Supreme Court instructed the jury that, to recover damages for the cause of action alleging defamation, the plaintiff had the burden of proving, among other elements, "that the defendant published or broadcast the statement, meaning that the defendant communicated the statement to someone other than the plaintiff," and "that the statement was a substantial factor in causing [the] plaintiff to suffer financial loss." The plaintiff contended, as to financial loss, that there were "five items of special damages." Essentially, these items consisted of, inter alia, attorneys fees incurred due to the defendants' involvement in other legal matters involving the plaintiff, damages for diversion of the plaintiff's mail, and lost legal fees for work the plaintiff would have performed for corporate entities connected to Emanuel.

The jury found in favor of the plaintiff and against the defendants on the cause of action alleging defamation, and awarded the plaintiff damages in the principal sum of $194,000, plus punitive damages. The Supreme Court denied the defendants' oral application to set aside the verdict, as well as their request to submit a written motion to set aside the verdict. On their appeal from the judgment entered in favor of the plaintiff and against them, the defendants argue, inter alia, that the court erred in denying their oral application, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law. We agree.

"A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (*Tapia v Dattco, Inc.*, 32 AD3d 842, 844 [2006]; *see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). "In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Tapia v Dattco, Inc.*, 32 AD3d at 844 [internal quotation marks omitted]; *see Szczerbiak v Pilat*, 90 NY2d at 556).

Applying this standard here, we conclude that there was no valid line of reasoning and permissible inferences which could have led the jury to find that the plaintiff established his cause

of action alleging defamation. "The elements of a cause of action [to recover damages] for defamation are a false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se" (*Epifani v Johnson*, 65 AD3d 224, 233 [2009] [internal quotation marks omitted]; *see Rosner v Amazon.com*, 132 AD3d 835, 836 [2015]). Here, because it is undisputed that the defendants are spouses, the communications between the defendants do not constitute publication (*see Medcalf v Walsh*, 938 F Supp 2d 478, 485 [SD NY 2013]; PJI 3:31; Restatement [Second] of Torts § 592). Thus, even if Estelle's statement to Emanuel, that the plaintiff threatened Estelle and the children of Estelle and Emanuel, was a substantial factor in causing the plaintiff to lose legal work the plaintiff would have performed for entities connected to Emanuel, that statement is not actionable. Further, to the extent that the plaintiff's defamation claim alleged that both Estelle and Emanuel communicated the supposed threat to third parties, the plaintiff failed to prove that he suffered special harm, i.e., the loss of something having economic or pecuniary value, as a result of those statements (*cf. Kowalczyk v McCullough*, 55 AD3d 1208, 1210 [2008]; *Tourge v City of Albany*, 285 AD2d 785, 786 [2001]). Accordingly, we grant the defendants' oral application, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law, and dismiss the complaint.

In light of our determination, we need not reach the defendants' remaining contentions. Balkin, J.P., Roman, Cohen and Maltese, JJ., concur.

Motion by the plaintiff, inter alia, to strike stated potions of the appellants' brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated December 8, 2014, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to strike stated portions of the appellants' brief on the ground that they refer to matter dehors the record is denied. Balkin, J.P., Roman, Cohen and Maltese, JJ., concur.