Baden v Bregy (2022 NY Slip Op 00391)





Baden v Bregy


2022 NY Slip Op 00391


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.


2018-14916
 (Index No. 37787/11)

[*1]Karen Baden, respondent,
v
Jean Bregy, et al., appellants.


Leo P. Davis, P.C., East Moriches, NY, for appellants.
Campanelli & Associates, P.C., Merrick, NY (Andrew J. Campanelli of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff is the owner of the subject property, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated October 16, 2018. The judgment, upon a decision of the same court dated August 14, 2018, made after a nonjury trial, and upon an order of the same court dated October 16, 2018, denying the defendants' motion pursuant to CPLR 4404(b) to set aside the decision, is in favor of the plaintiff and against the defendants, inter alia, declaring that the plaintiff is the fee owner of the subject property, depicted as Lots 22, 23.1, 23.3, and 23.4, Block 2, in Section 356, Town of Southampton, of the Suffolk County Tax Map of the County of Suffolk Real Property Tax Service Agency.
ORDERED that the judgment is affirmed, with costs.
The plaintiff is the owner of certain real property in Westhampton. The defendant Jean Bregy is the owner of nearby real property. The plaintiff's property and Bregy's property are separated by a roadway and a parcel of land, known in this action as the unnamed road and the triangle parcel, respectively. The unnamed road and the triangle parcel allegedly had been utilized as a driveway in order to access the plaintiff's property since 1979, when the home on the property was constructed.
In 2011, Bregy's daughter, the defendant Brenda L. Hernandez, alleged that she had acquired ownership of the unnamed road and the triangle parcel through three deeds. According to the plaintiff, in November 2011, the defendants removed the plaintiff's driveway and the trees that lined it, and began to block the plaintiff's access to her property through the unnamed road and the triangle parcel.
The plaintiff commenced this action against the defendants pursuant to RPAPL article 15, seeking, among other things, in effect, a judgment declaring that the plaintiff had title to certain portions of the unnamed road and the triangle parcel, identified as Lots 22, 23.1, 23.3, and 23.4, Block 2, in Section 356, Town of Southampton, of the Suffolk County Tax Map of the County of Suffolk Real Property Tax Service Agency (hereinafter the subject lots). The plaintiff also sought a judgment declaring that Hernandez is not the owner of the subject lots.
After a nonjury trial, in a decision dated August 14, 2018, the Supreme Court determined, inter alia, that the plaintiff had title by deed to the subject lots, and that Hernandez did not have title by deed to the subject lots. Thereafter, the defendants moved pursuant to CPLR 4404(b) to set aside the decision. In an order dated October 16, 2018, the court denied the defendants' motion. The court issued a judgment dated October 16, 2018, inter alia, declaring that the plaintiff is the fee owner of the subject lots, and that the defendants are possessed of no rights, titles, interests, or rights of possession to or in the subject lots. The judgment also permanently enjoined the defendants from making any claims of ownership to, and from interfering with, hindering, or restricting the plaintiff's use of, any portion of the subject lots. The defendants appeal.
In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render the judgment we find warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Riesenburger Props., LLLP v Pi Assoc., LLC, 192 AD3d 835, 838). Here, at trial, the plaintiff produced a land title expert who testified to the plaintiff's chain of title to the subject lots. Specifically, the expert testified, based on documentary evidence, which included numerous deeds, that the plaintiff had good record title to the subject lots. The expert further testified that the defendants did not have a valid claim of title by deed to the subject lots. The plaintiff also produced the deeds upon which the expert relied. Contrary to the plaintiff's contention, the arguments raised by the defendants on appeal concerning the documentary evidence introduced during the trial and the sufficiency of the testimony provided by the plaintiff's land title expert are not improperly raised for the first time on appeal. However, the defendants produced no evidence that any of the deeds in the title chains were invalid. Nor did they otherwise produce evidence controverting the chains of title to the subject lots. The defendants' contention that a letter annexed to the complaint from a surveyor constituted a judicial admission by the plaintiff as to the contents of that letter is without merit. Based on the foregoing, the Supreme Court properly determined that the plaintiff established her title claim to the subject lots by a preponderance of the evidence (see RPAPL 1515[2]; Seaview at Amagansett, Ltd. v Trustees of Freeholders & Commonalty of Town of E. Hampton, 191 AD3d 717, 720-721; Hartmann v Harris, 136 AD3d 977, 979; LaSala v Terstiege, 276 AD2d 529, 530).
In addition, the defendants failed to demonstrate that the Supreme Court's decision should have been set aside on the ground that the amended expert witness disclosure for the plaintiff's land title expert was insufficient to satisfy the dictates of CPLR 3101(d)(1)(i) (see M.V.B. Collision, Inc. v Allstate Ins. Co., 187 AD3d 884, 885).
Accordingly, the Supreme Court did not err in denying the defendants' motion pursuant to CPLR 4404(b) to set aside the decision.
The defendants' remaining contention is without merit.
BRATHWAITE NELSON, J.P., RIVERA, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court