Banschick v Johnson (2023 NY Slip Op 06231)

Banschick v Johnson

2023 NY Slip Op 06231

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JANICE A. TAYLOR, JJ.

2019-12391
 (Index No. 608065/18)

[*1]Ruth Banschick, etc., appellant,
v
Michael Johnson, et al., respondents.

Ruth E. Bernstein (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Christopher J. Soverow], of counsel), for appellant.
Frank M. Graziadei, P.C., New York, NY (Peter B. Fallon of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for private nuisance and defamation, the plaintiff appeals from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered September 23, 2019. The order granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint, and denied, as academic, the cross-motion of the plaintiff and Stuart Banschick to compel the defendants to comply with certain discovery demands and their separate cross-motion pursuant to CPLR 3211(a)(7) to dismiss the counterclaims.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying, as academic, the cross-motion of the plaintiff and Stuart Banschick to compel the defendants to comply with certain discovery demands and their separate cross-motion pursuant to CPLR 3211(a)(7) to dismiss the counterclaims; as so modified, the order is affirmed, with costs payable by the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for a determination on the merits of the cross-motion of the plaintiff and Stuart Banschick to compel the defendants to comply with certain discovery demands and their separate cross-motion pursuant to CPLR 3211(a)(7) to dismiss the counterclaims.
The parties own neighboring residences in Long Beach. In 2012, Superstorm Sandy caused significant damage to the defendants' house, which required them to rebuild. In doing so, the defendants constructed a deck on the second story of their house, prompting complaints from Ruth Banschick and Stuart Banschick (hereinafter together the Banschicks) that the deck obstructed their view of the nearby bay and the Manhattan skyline. Thereafter, the parties had additional disagreements about the defendants' decision to plant certain trees on their property and Stuart Banschick's hobby of flying a drone around the neighborhood.
The Banschicks commenced this action to recover damages for private nuisance, prima facie tort, intentional infliction of emotional distress, and defamation. The defendants interposed an answer in which they asserted counterclaims, inter alia, to recover damages for trespass and intentional infliction of emotional distress.
The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint. The [*2]Banschicks cross-moved to compel the defendants to comply with certain discovery demands, including a demand for a supplemental bill of particulars as to the counterclaims, and separately cross-moved pursuant to CPLR 3211(a)(7) to dismiss the counterclaims. By order entered September 23, 2019, the Supreme Court granted the defendants' motion, and denied the Banschicks' cross-motions as academic. The Banschicks appeal. During the pendency of the appeal, Stuart Banschick died, and Ruth Banschick, as administrator of his estate, was substituted for him.
"To be entitled to damages for private nuisance, a plaintiff must establish an interference with his or her right to use and enjoy land, substantial in nature, intentional or negligent in origin, unreasonable in character, and caused by the defendant's conduct" (Thomas v Trustees of the Freeholders & Commonalty of the Town of Southampton, 202 AD3d 858, 864). Here, the Banschicks' allegations that the defendants' deck and trees obscured their view of the bay and the skyline, absent any allegations of an express easement prohibiting such obstruction, did not constitute an interference with the Banschicks' right to use and enjoy land (see Schaefer v Dehauski, 71 AD3d 1571; Golub v Simon, 28 AD3d 359, 360). Thus, the complaint failed to state a cause of action to recover damages for private nuisance (see Westbury Recycling, Inc. v Westbury Transfer & Recycling, LLC, 209 AD3d 929, 932). Moreover, the Banschicks' contentions that the defendants violated RPAPL 843 and certain local ordinances were improperly raised for the first time on appeal.
"[T]o state a cause of action to recover damages for prima facie tort, a plaintiff must allege: (1) the intentional infliction of harm, (2) which results in special damages, (3) without any excuse or justification, (4) by an act or a series of acts which would otherwise be lawful" (DeMartino v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, 189 AD3d 774, 776 [internal quotation marks omitted]). "To adequately plead prima facie tort, the complaint must plead the defendant's malicious intent or disinterested malevolence as the sole motive for the challenged conduct" (Ahmed Elkoulily, M.D., P.C. v New York State Catholic Healthplan, Inc., 153 AD3d 768, 772). Here, the Banschicks failed to plead sufficient facts to state a prima-facie tort cause of action because their conclusory allegation that the defendants' conduct was motivated solely by malice and disinterested malevolence is contrary to their allegations regarding the defendants' financial motives of maximizing the resale value of their property (see Influx Capital, LLC v Pershin, 186 AD3d 1622, 1625; Ahmed Elkoulily, M.D., P.C. v New York State Catholic Healthplan, Inc., 153 AD3d at 772).
"The elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress" (Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 710). "In order to state a cause of action to recover damages for intentional infliction of emotional distress, the pleading must allege 'conduct [that] has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community'" (Ratto v Oliva, 195 AD3d 870, 873, quoting Murphy v American Home Prods. Corp., 58 NY2d 293, 303). Here, accepting as true the allegations in the complaint, the alleged conduct did not satisfy that rigorous standard (see Davydov v Youssefi, 205 AD3d 881, 883; Benjamin v Assad, 186 AD3d 549, 550).
"The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" (Board of Mgrs. of Brightwater Towers Condominium v Vitebsky, 207 AD3d 694, 694-695 [internal quotation marks omitted]).
Here, the complaint failed to state a cause of action to recover damages for defamation. The challenged statements made in July 2017 constituted the sort of "rhetorical hyperbole" that is insufficient to sustain a defamation cause of action (id. at 695). As to the challenged statements made in September 2017, the Banschicks failed to sufficiently allege publication to any third party (see Gaccione v Scarpinato, 137 AD3d 857, 859; Schulman v Continental Ins., 258 AD2d 639, 641).
In sum, the Supreme Court properly granted the defendants' motion pursuant to [*3]CPLR 3211(a)(7) to dismiss the complaint.
However, the Supreme Court should not have denied, as academic, the Banschicks' cross-motions pursuant to CPLR 3211(a)(7) to dismiss the counterclaims and to compel the defendants to comply with certain discovery demands. "A cause of action contained in a counterclaim . . . shall be treated, as far as practicable, as if it were contained in a complaint" (CPLR 3019[d]; see Hawkins-Bond v Konefsky, 48 AD3d 417, 417-418). "Thus, dismissal of the . . . complaint did not, in itself, extinguish the [defendants'] counterclaims," which were independent of the causes of action asserted in the complaint (Hawkins-Bond v Konefsky, 48 AD3d at 418; see Ballen v Aero Mayflower Trans. Co., 144 AD2d 407, 410). We therefore remit the matter to the Supreme Court, Nassau County, for a determination on the merits of the cross-motions.
DILLON, J.P., IANNACCI, MILLER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court