Barricella v Papadopoulos (2025 NY Slip Op 04866)

Barricella v Papadopoulos

2025 NY Slip Op 04866

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-08143
 (Index No. 151840/18)

[*1]John Barricella, et al., appellants,
v
Peter Papadopoulos, et al., respondents.

Arnold E. DiJoseph, P.C., New York, NY (Arnold E. DiJoseph III of counsel), for appellants.
Law Office of Howard M. File, P.C. (Christopher Soverow, Staten Island, NY, of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that a survey dated September 17, 2013, establishes the eastern boundary of the plaintiffs' property and alleging private nuisance, the plaintiffs appeal from a judgment of the Supreme Court, Richmond County (Charles M. Troia, J.), dated January, 17, 2023. The judgment, insofar as appealed from, upon a decision of the same court dated October 18, 2022, made after a nonjury trial, is in favor of the defendants and against the plaintiffs dismissing the first and fifth causes of action.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof dismissing the first cause of action, and adding thereto a provision declaring that the survey dated September 17, 2013, does not establish the eastern boundary of the plaintiffs' property; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendants.
The plaintiffs and the defendants own adjoining properties in Staten Island and share a common boundary located on the eastern side of the plaintiffs' property and on the western side of the defendants' property. Prior to purchasing their property, the plaintiffs obtained a survey dated September 17, 2013, which allegedly revealed that a chain-link fence intended to delineate the common boundary between their property and the defendants' property was located entirely on the plaintiffs' property. In or around 2015, the defendants made certain renovations to their property that allegedly caused water to flow from their property onto the plaintiffs' property whenever it rained.
In 2018, the plaintiffs commenced this action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that the survey established the eastern boundary of their property and alleging that the rainwater entering their property from the defendants' property constituted a private nuisance. After a nonjury trial, a judgment dated January 17, 2023, was entered upon a decision dated October 18, 2022, among other things, in favor of the defendants and against the plaintiffs dismissing the first and fifth causes of action. The plaintiffs appeal.
"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" [*2](Castaldi v Syosset Cent. Sch. Dist., 203 AD3d 690, 692 [internal quotation marks omitted]; see Baden v Bregy, 201 AD3d 849, 851).
"As the party seeking a declaratory judgment, the plaintiff bears the burden of demonstrating [his or her] entitlement thereto" (Nicosia v Shultis, 239 AD2d 473, 473; see GJF Constr. Corp. v Cosmopolitan Decorating Co., Inc., 35 AD3d 535, 535). Moreover, "[i]n an action pursuant to RPAPL article 15, the plaintiff bears the burden of demonstrating, inter alia, the boundaries of the subject property with 'common certainty'" (Seaview at Amagansett, Ltd. v Trustees of Freeholders & Commonalty of Town of E. Hampton, 191 AD3d 717, 720, quoting RPAPL 1515[2]; see O'Brien v Town of Huntington, 66 AD3d 160, 165-166).
Here, notwithstanding the Supreme Court's application of an improper standard of proof with respect to the first cause of action, for a judgment declaring that the survey established the eastern boundary of the plaintiffs' property, we conclude, based upon our independent review of the record, that the plaintiffs failed to meet their burden. The plaintiffs' evidence, including the testimony of their land surveyor, failed to demonstrate that the surveyor employed a reliable methodology or relied upon sufficient data points (see Sunnyview Farm, LLC v Levy Leverage, LLC, 223 AD3d 955, 958; Mohonk Preserve, Inc. v Ullrich, 119 AD3d 1130, 1131-1133; McNamara v Lake in the Sky, 227 AD2d 775, 776). However, instead of dismissing the first cause of action, seeking a declaratory judgment, the court should have made a declaration in favor of the defendants (see Lanza v Wagner, 11 NY2d 317, 334; Rockland Light & Power Co. v City of New York, 289 NY 45, 51). Accordingly, we modify the judgment so as to delete the provision thereof dismissing the first cause of action, and add thereto a provision declaring that the survey dated September 17, 2013, does not establish the eastern boundary of the plaintiffs' property.
The Supreme Court properly dismissed the fifth cause of action, alleging private nuisance. To establish the elements of a private nuisance, "a plaintiff must establish an interference with his or her right to use and enjoy land, substantial in nature, intentional or negligent in origin, unreasonable in character, and caused by the defendant's conduct" (Banschick v Johnson, 222 AD3d 608, 609 [internal quotation marks omitted]; see Harris v Miranda, 219 AD3d 1498, 1499). "'[N]ot every annoyance will constitute a nuisance'" (Harris v Miranda, 219 AD3d at 1499, quoting Domen Holding Co. v Aranovich, 1 NY3d 117, 124). Here, the plaintiffs failed to prove, by a preponderance of the evidence, that the defendants caused the alleged condition or that the alleged condition constituted an unreasonable interference with the plaintiffs' right to use and enjoy their property (see id.; see generally Banschick v Johnson, 222 AD3d 608).
Contrary to the defendants' contention, however, neither the complaint nor this appeal was without any reasonable basis in law or fact, and nothing in the record demonstrates that the plaintiff's commencement of this action was frivolous within the meaning of CPLR 8303-a (see Tsamasiros v Jones, 232 AD3d 816, 819-820).
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court